IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID HUDSON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:21-cv-3366 |
| | § | |
| **THE LEE THOMPSON COMPANY** | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Michael Hudson ("Plaintiff") complains of Defendant The Lee Thompson Company, ("LTC" or "Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1.01   Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII and Chapter 21 of the Texas Labor Code.

### II.

### PARTIES

2.01   Plaintiff, Hudson is a citizen and resident of the State of Texas. Plaintiff resides at 12310 Belano Canyon Court, Houston TX 77046 and may be reached through the undersigned counsel.

2.02   Defendant LTC is a Texas corporation organized under the laws of Texas. Defendant's headquarters are located at 1718 Elmview Drive, Houston, Texas 77080.  Defendant

may be served through its registered agent, Scott Lee Thompson at 2313 Langston, Houston, TX 77474, or wherever found.

## III.

## JURISDICTION AND VENUE

3.01 Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02 Venue for all causes of actions stated herein lies in the Southern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391. This Court also has pendent jurisdiction over state law claims.

3.03 Plaintiff filed a timely charge with the Equal Employment Opportunity Commission and received his notice of right to sue on or about July 16, 2021. Plaintiff has filed the instant lawsuit within 90 days of his receipt thereof.

## IV.

## FACTUAL ALLEGATIONS

4.01 Plaintiff began his employment with LTC on July 18, 2018 as a Parts Runner until his summary termination on September 18, 2018.

4.02 Plaintiff reported to his manager, "Chris", who placed orders for parts and equipment that technicians needed for their air-conditioning jobs.

4.03 "Chris" repeatedly sent inappropriate text messages to Plaintiff which ended with the term "XOXO."

4.04 Plaintiff properly showed these text messages to his manager and dispatcher, but nothing was done to stop the behavior in the workplace. As a result of Chris' continued behavior,

Plaintiff became extremely uncomfortable in the workplace.

4.05    Plaintiff complained to Mr. Butler, Manager, and to "Stella" the dispatcher and other technicians, that he had received disturbing comments and texts from "Chris" during working hours.

4.06    When Plaintiff showed these texts to the dispatcher, "Stella", Stella told Plaintiff not to worry about Chris because he is a "piece of work." This comment suggests that LTC was well aware of Chris's inappropriate behavior with other workers.

4.07    Despite Plaintiff's complaints to upper manager, "Chris" continued to harass him. The final straw was when "Chris" came into the men's urinal, stood beside Mr. Hudson. and placed his hand on his shoulder.

4.08    When Plaintiff complained about this further act of harassment, Defendant, in response to this complaint, informed Plaintiff that he was being terminated for not checking in with the technicians while picking up refuse on the job site.

4.09    Defendant's stated reason for terminating Plaintiff's employment is a pretext since Plaintiff had never been instructed to check in with technicians when making refuse collections. Nor had Plaintiff ever been warned or disciplined that such behavior would result in immediate termination.

## V.

## FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) ET SEQ AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely males.

5.03    Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII since it employs more than fifteen employees.

5.04    Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

5.05    Defendant intentionally discriminated against Plaintiff because of his sex in violation of Title VII and Chapter 21 of the Texas Labor Code by creating a work environment hostile to men.

5.06    Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission.  On July 16, 2021, Plaintiff received his Right to Sue Letter.   Plaintiff timely filed suit against Defendant within 90 days of his receipt of the Notice of right to Sue.

5.07    As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

      a.   Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

      b.   Plaintiff suffered lost wages and related benefits.

5.08    Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.09    Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of

employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.10 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ and CHAPTER 21 OF THE TEXAS LABOR CODE.

6.01 The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02 Pursuant to 42 USC section 2000(E) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03 The same provision I found in Chapter 21.055 of the Texas Labor Code.

6.04 Defendant retaliated against Plaintiff after he complained to Defendant about the unwelcome advances and sexually hostile environment in the workplace by terminating Plaintiff's employment.

6.05    Defendant terminated Plaintiff's employment on September 18, 2018.  Defendant's stated reason for Plaintiff's termination was that Plaintiff did not check in with technicians while collecting refuse on the jobsite.  This stated reason is a pretext for retaliation because Plaintiff was never told to check in with technicians while picking up refuse on the jobsite, nor had he ever been disciplined for this.

6.06.    Defendant knowingly and willfully retaliated against Plaintiff for his protected activity in violation of Title VII.

6.07    Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights.  It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## THIRD COUNT

## JURY TRIAL DEMANDED

7.01    Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)    Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)    Judgment for back pay and front pay as allowed by law;

(3)    Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) Prejudgment and Post-judgment at the maximum legal rate;

(7) All costs of court;

(8) Attorneys' fees; and

(9) Such other and further relief to which Plaintiffs may be justly entitled.

Date:  October 13, 2021.

        Respectfully submitted,

        **KILGORE & KILGORE, PLLC**

By:  /s/ Clark B. Will
      Clark B. Will
      State Bar No. 21502500
      Nicholas A O'Kelly
      State Bar No. 15241235
      **KILGORE LAW CENTER**
      3109 Carlisle
      Dallas, Texas 75204
      (214) 969-9099 - Telephone
      (214) 953-0133 - Telecopier
      Email: cbw@kilgorelaw.com
      Email: nao@kilgorelaw.com

      **ATTORNEYS FOR PLAINTIFF**
      **MICHAEL DAVID HUDSON**